RYDER *vs.* THE COMMONWEALTH FIRE INSURANCE COMPANY.

Where an insurance company, undertaking to repair a building injured by a fire, under a reservation of the right to do so, in the policy, advanced money to the contractor, upon the certificate of a person employed by the insured to oversee the work, that the work, up to that time, had been satisfactorily done, leaving still enough unpaid, however, to indemnify the company against a claim of the insured for damages, on account of the defective execution of the work, which was also unpaid until after notice of such claim, and the last payment on the contract was not made by the insurers until they had received an indemnity from the contractor against the claim of the insured; *Held* that the advance did not injure the company, and it could not claim to have been damnified by the certificate, at least not in such a way as to *estop* the insured from showing the truth, viz. that the repairs had not been made in a proper manner.

And that, assuming that the person giving the certificate was authorized to give the same, still the company would not have been prejudiced by allowing the truth to be proved.

APPEAL from a judgment rendered upon a verdict for the defendant, and also from an order denying a motion for a new trial.

The plaintiff sued the defendant upon a policy of insurance against fire. It appeared, on the trial, that a fire had occurred, and the defendant, under a clause to that effect in the policy, elected to do the repairs, instead of paying the damage caused by the fire. The defendant contracted with a mechanic, a Mr. Coar, to do the repairs, and the plaintiff employed a person (Mr. Howell) to oversee the work. The east wall of the building insured had been thrown out of plumb some six or seven inches by the fire. In repairing it, the plaintiff alleged and proved, that it was still out of plumb, to some extent, and to his damage of some $750. This was strongly controverted by Mr. Coar; he insisting it was very slightly out of plumb, and that, as rebuilt or repaired, it was just as good as if perfectly straight.

A certificate from Howell was introduced, showing that the beams were all on, and the work, to that time, satisfactorily done. This included the wall. The right and

authority of Howell to give the certificate, was denied by him and by the plaintiff, but was affirmed by Coar. It was also in proof, on both sides, that Howell wished and advised this wall to be taken down much further than it was, in order to make it plumb, but Coar deemed it unnecessary. Upon this certificate the defendant advanced to the contractor some $1500; but before other, or, at least, all advances were made by the defendant, it had notice from the plaintiff that this wall was defective. It then had funds on hand, thereafter paid to the contractor, sufficient to indemnify itself against the claim of the plaintiff for the alleged defect in the wall, if, in fact, it was a defect for which the plaintiff would be entitled to recover, if the certificate did not estop him.

The learned judge charged the jury, in substance, that, if they should conclude that Howell had authority to give the certificate, and that Coar obtained the money from the defendant by reason thereof, then the plaintiff was estopped from alleging that the wall was not properly repaired.

*J. M. Van Cott*, for the appellant.

*N. B. Hoxie*, for the respondent.

*By the Court*, PECKHAM, J.   Howell testified that he objected to giving the certificate, alleging he had no authority, and that the wall was not right, but upon the promise of Coar that he would make it all satisfactory, he signed it.   This has nothing to do with the question of estoppel, because the money was paid before this was known by the defendant, if it ever was known to it.

But, under the facts as disclosed, I am of opinion that there was no estoppel.   It should, perhaps, be stated that the last payment on the contract was made to Coar by the defendant, upon an indemnity by him to the company,

Ryder *v.* Commonwealth Fire Insurance Company.

against any claim by the plaintiff. Assuming that Howell was authorized to give the certificate, still the defendant would not have been prejudiced by allowing the truth to be proved. It had money on hand thereafter to be earned, and that was earned, by the contractor, Coar, sufficient, and much more than sufficient, to indemnify itself against any failure of the contractor to complete his contract, in that respect. If not prejudiced by the truth, the defendant could not set up an estoppel. (*See Brown* v. *Bowen,* 30 *N. Y. Rep.* 541.) If the plaintiff had notified the defendant, before this payment upon the certificate had been made, that it was unauthorized and untrue, it will not be pretended that there was any estoppel. Yet, legally, the defendant is in no different position. There was no certificate provided for in the contract, between the defendant and its contractor, and although it advanced money, which, perhaps, it would not have advanced without it, yet enough was still unpaid to indemnify the defendant against this claim—unpaid, too, after notice of this alleged damage. The defendant, therefore, cannot claim to have been damnified by this certificate—at least in such a way as to estop the plaintiff from showing the truth. The advance did not injure, and there was no provision that such a certificate should be conclusive, even if that would change the case.

There was also a submission by the court to the jury, as to whether a reasonable time had elapsed for the completion of the contract, before the plaintiff took possession of the buildings. I can find no evidence authorizing the submission of any such question. The repairs commenced on the 14th of June, and were discontinued about the 8th of September, when it was alleged by the contractor that they were completed, and on the 14th of September the plaintiff took possession. No proof was offered, or given, that the contractor had not had a reasonable time to com-

plete the repairs. His claim was that he had, as he claimed to have finished them on the 8th, and the plaintiff did not take possession until six days thereafter. I can see no authority for saying to the jury, that if a reasonable time had not elapsed, then he had no right to do any thing which would exclude Mr. Coar from the performance of the work. There was no evidence upon which to base any such° submission. The jury may have found for the defendant, without reference to these questions, but this court cannot see that they would have found so, had they been otherwise instructed upon these points.

For these reasons, I think the judgment should be reversed, and a new trial ordered; costs to abide the event.

[NEW YORK GENERAL TERM, November 2, 1868. *Ingraham, Mullin* and *Peckham,* Justices.]